OSCN Found Document:OKLAHOMA BAR ASSOCIATION v. MONTGOMERY

 

 
 

 
 OKLAHOMA BAR ASSOCIATION v. MONTGOMERY
2021 OK 55
Case Number: SCBD-7156
Decided: 11/08/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 55, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JAMES T.M. MONTGOMERY, Respondent.
ORDER APPROVING RESIGNATION PENDING 
DISCIPLINARY PROCEEDINGS
Â¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of James T.M. Montgomery (Respondent), OBA No. 10410, from membership in the Oklahoma Bar Association. Respondent wishes to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. Upon consideration of the Complainant's application and the Respondent's affidavit in support of resignation, we make the following findings:
a. During an investigation into allegations of professional misconduct against him, the Respondent offered on October 25, 2021, to surrender his license to practice law and to resign from membership in the Oklahoma Bar Association.
b. The Respondent tendered his resignation freely and voluntarily, without coercion or duress, and he was fully aware of the consequences of submitting his resignation.
c. The Respondent acknowledged that the Office of the General Counsel of the Oklahoma Bar Association was investigating certain allegations of professional misconduct against him. Maxine Driscoll, a former client, sued Respondent and his wife after they defaulted on two out of seven loans (i.e., failed to repay $358,000.00 owed under two promissory notes) and after discovering that Respondent had not helped her perfect a mortgage executed in her favor, had further encumbered the same real estate with another mortgage (in violation of various covenants, warranties, and assurances made in the unrecorded mortgage in favor of Mrs. Driscoll), and had allegedly used bankruptcy proceedings and property transfers to his wife and his limited liability company to shield his assets.
[1] See Montgomery Aff. Â¶ 4, at 2--3; see also Petition Â¶Â¶ 10--13, at 3--5, Maxine W. Driscoll Trust v. Montgomery, No. CJ-2020-2314 (Tulsa Cty. Dist. Ct. filed July 27, 2020), removed, No. 4:20-cv-00409-JFH-JFJ (N.D. Okla. Aug. 17, 2020); Am. Compl. [Doc. 27] Â¶Â¶ 11--22, at 3--9, Maxine W. Driscoll Trust v. Montgomery, No. 4:20-cv-00409-JFH-JFJ (N.D. Okla. filed Nov. 9, 2020). In that lawsuit, Respondent has been accused of breach of contract, breach of a fiduciary duty, fraud, and violation of Rule 1.8 of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, ch. 1, app. 3-A. See Am. Compl. [Doc. 27], supra, Â¶Â¶ 10, 13, 23--37, at 3--5, 10--15.
d. The Respondent is aware that the allegations concerning the conduct specified above, if proven, would constitute violations of Rule 1.8 of the ORPC, 5 O.S.2011, ch.1, app. 3-A; Rule 1.3 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A; and his oath as a licensed Oklahoma lawyer. 
e. The Respondent further acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former client(s). Should the Oklahoma Bar Association approve and pay such Client Security Fund claims, the Respondent agrees to reimburse the fund for both the principal amount and the applicable statutory interest before filing any application seeking reinstatement.
f. The Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five (5) years from the effective date of this Court's approval of his resignation; he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A.
g. The Respondent has agreed to comply with Rule 9.1 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A, and the Respondent acknowledges he may be reinstated to practice law only upon providing proof of substantial compliance with Rule 9.1.
h. The Respondent's resignation pending disciplinary proceedings is in compliance with Rule 8.1 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A.
i. The Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows: 

James T.M. Montgomery
Post Office Box 18799
Oklahoma City, OK 73154
j. In its application, the Complainant indicated that no costs were incurred in this matter and that no reimbursement would be necessary. 
k. The Respondent's resignation should be approved.
l. This Order accepting the Respondent's resignation is to be effective as of October 26, 2021, the date the application for approval of his resignation was filed in the Court.

Â¶2 It is therefore ORDERED that Complainant's application is approved and Respondent's resignation during the pendency of disciplinary proceedings is accepted and approved effective October 26, 2021.
Â¶ 3 It is further ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to October 26, 2026.
Â¶4 It is further ORDERED that the Respondent comply with Rule 9.1 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A, by no later than November 29, 2021.
Â¶ 5 DONE BY ORDER OF THE SUPREME COURT this 8th day of November, 2021.
/S/VICE CHIEF JUSTICE
ALL JUSTICES CONCUR.
FOOTNOTES
[1] Respondent represents that he has since repaid Mrs. Driscoll the full amount owed under both promissory notes, including interest and attorney's fees; and Mrs. Driscoll has since dismissed her lawsuit with prejudice to refiling. See Montgomery Aff. Â¶ 4, at 3; Stipulation of Dismissal with Prejudice [Doc. 44] 1, Maxine W. Driscoll Trust v. Montgomery, No. 4:20-cv-00409-JFH-JFJ (N.D. Okla. filed Mar. 5, 2021).